# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RUBEN GUERRERO, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | A-11-CA-462-SS | |
| § | | |
| RICK THALER, § | | |
| Director, Texas Dept. of Criminal Justice- § | | |
| Correctional Institutions § | | |
| Division, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

According to Petitioner, on July 21, 1999, he was convicted of interfering with the duties of a peace officer, after which the trial court assessed punishment at incarceration for 180 days in Cause No. 499,589 in the County Court at Law No. 7 of Travis County. Petitioner's conviction was affirmed. See Guerrero v. State, No. 03-99-00759-CR, 2001 WL 23119 (Tex. App. – Austin Jan. 11,

2001, pet. ref'd). Petitioner's petition for discretionary review was refused on May 2, 2001. See Guerrero v. State, PDR No. 0289. Petitioner indicates he did not file a state application for habeas corpus relief.

In 2010 Petitioner was subsequently convicted of assault family violence and sentenced to 65 years in prison in Cause No. D-1-DC-09-300784 of the 147th Judicial District Court. Petitioner's 2010 conviction was recently affirmed by the Third Court of Appeals of Texas. See Guerrero v. State, No. 03-10-00218-CR, 2011 WL 2176825 (Tex. App. – Austin June 3, 2011). Petitioner has not yet had the opportunity to file a petition for discretionary review or a state application for habeas corpus relief.

According to Petitioner, his 1999 conviction was used to enhance his 2010 conviction. Petitioner argues the evidence was legally and factually insufficient to support his 1999 conviction. In addition, he argues he received ineffective assistance of appellate counsel and he was denied a trial by an impartial jury.

## II. DISCUSSION AND ANALYSIS

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 491 (1989). At the time he filed his federal application, Petitioner had discharged his 180-day sentence for interfering with the duties of a peace officer. Therefore, he cannot bring a federal habeas petition directed solely at that charge. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001)

("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions").

Although Petitioner is not in custody pursuant to his conviction in Cause No. 499,589, he is in custody pursuant to his conviction in Cause No. D-1-DC-09-300784. A petitioner meets the jurisdictional "in custody" requirement if the habeas petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. Lackawanna, 532 U.S. at 401-02. "'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979).

To the extent Petitioner is challenging the improper enhancement of his 2010 sentence with his 1999 conviction, Petitioner has not exhausted his state court remedies. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

3

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518, (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented all of his claims to the Texas Court of Criminal Appeals. Petitioner only challenged the legal and factual sufficiency of the evidence on direct appeal with regard to the 1999 conviction. Petitioner admits he has not presented to the state courts his claims that he received ineffective assistance of appellate counsel or that he was denied a trial by an impartial jury. In addition, Petitioner has not presented to the state courts a claim that

4

his 2010 conviction or sentence was improperly enhanced by this 1999 conviction. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE